IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BORIS FELDBLYUM  :
8510 Wild Olive Drive  :
Potomac, MD 20854  :
                                                          Plaintiff,  :
                                                          v.  :  Civil Action No.

EIGHT BROTHERS DEVELOPMENT, LLC  :
2138 Wisconsin Avenue NW  :
Washington, DC 20007  :

                                                        And  :

ANDREW AMURRIO  :
2138 Wisconsin Avenue, NW  :
Washington, DC 20007  :
                                           Defendants.  :

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT

For his Complaint for Copyright Infringement, against Eight Brothers Development, LLC, and Andrew Amurrio, individually, (hereinafter jointly and severally "Defendants"), the Plaintiff states as follows:

1. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended).

### I. Parties

1. Boris Feldblyum, (hereinafter "Plaintiff") is a well-known architectural photographer and is an individual living in the State of Maryland.

2. Defendant Eight Brothers Development, LLC, is a limited liability company organized

1

under the laws of the District of Columbia.  Defendant Eight Brothers Development, LLC, operates out of and conducts business in an office located in the District of Columbia.  Eight Brothers Development, LLC, is in the business of architectural restoration and conservation, and engages in this business within and outside of the District of Columbia.

3. Defendant Amurrio is the Governor of Eight Brothers Development, LLC.  Upon information and belief, Defendant Amurrio has, and exercises, the duties of Governor in material part while at the offices of Eight Brother's Development, LLC, in the District of Columbia.  Upon information and belief, Defendant Amurrio also resides the District of Columbia.

I.  Jurisdiction

4. This Court has jurisdiction over the subject matter and the parties under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended), and pursuant to 28 U.S.C. Sections 1331, and 1338.

5. This Court has *in personam* jurisdiction over Defendant Eight Brothers Development, LLC, under D.C. Code Ann. Section 13-422.  This Court also has personal jurisdiction under Section 14-423 (1) and (3).  Upon information and belief, the acts and omissions forming the basis of the complaint against Defendant Eight Brother's, LLC, as hereinafter alleged, occurred in material part within the District of Columbia.  Upon information and belief, the cause of action against Defendant Eight Brothers Development, LLC, arises out of the acts and events that are hereinafter alleged and that occurred in material part in the District of Columbia and that caused tortious injury in the District of Columba.

6. This Court has *in personam* jurisdiction over Defendant Amurrio under D.C. Code Ann. Section 14-423 (1) and (3).  Upon information and belief, Defendant Amurio, as Governor of Eight Brother's Development, LLC, transacted business in the offices of Eight Brother's

Development, LLC, in the District of Columbia, and while in the District of Columbia he had a right to control, exercised control over, financially benefited from, and materially participated in the business of Eight Brothers Development, LLC.  Upon information and belief, the business that was transacted included the control of, operation of, and use of, and the right and ability to license content on the company's website, including the content that is the subject of this complaint.  Upon information and belief, the acts and omissions he is alleged hereinafter to have committed, occurred in material part in the District of Columbia and the causes of action alleged against him arise out of his transaction of business in the District of Columbia.  In addition, upon information and belief, Defendant Amurrio caused tortious injury from the acts and omissions, hereinafter alleged, that he and or his agents committed in, and that he materially participated in, the District of Columbia.  Upon information and belief, Defendant Amurrio also resides in the District of Columbia.

## II.  Venue

7. Venue is based on 28 U.S.C. Section 1391 and Section 1400(a).  Defendant Eight Brothers Development, LLC, is organized in and maintains a business office in the District of Columbia in this judicial district.  Upon information and belief, the acts and omissions committed by Defendant Amurrio, and the acts, omissions, and events in which he participated that form the basis of Plaintiff's causes of action as herein alleged, occurred in material part in the District of Columbia.  Upon information and belief, Defendant Amurrio resides in the District of Columbia.

## III.  Facts

8.   As an architectural photographer, Plaintiff operates a photography business that includes, among other things, the photographing and licensing of architectural photographs to

3

architectural firms, commercial businesses, and other enterprises, throughout the United States. Plaintiff's business is dependent upon Plaintiff's exploitation of the copyrights that subsist in his work at professional pricing structures that compensate Plaintiff for his services and business operations.

9. In 2013, Plaintiff solely authored and created a photograph that is an original work of authorship.

10. There is a valid and subsisting copyright in said photograph.

11. Plaintiff is the owner of the copyright subsisting in the photograph.

12. Plaintiff registered his copyright with the Copyright Office of the United States.

13. The Copyright Office of the United States has issued a certificate of registration for the photograph, namely Certificate of Registration VAu 1-157-936, titled "Boris_Feldblyum_photos_1972-2013," bearing an effective date of registration of December 29, 2013. (The certificate of registration and the photograph at issue in this case, which photograph was deposited with the registration as part of a larger deposit copy, are attached hereto as Exhibit A). The photograph of concern in this case and within Exhibit A is hereinafter referred to as "Plaintiff's Work."

14. Plaintiff's Work has been publicly displayed on the Internet on Plaintiff's website, www.bfcollection.net. The website publication is made with Plaintiff's copyright notice affixed to the bottom left corner of the image on the page in which it appears.

15. Plaintiff's Work is also displayed with metadata that is embedded in Plaintiff's Work, and this metadata includes copyright management information, more specifically, Plaintiff's name, and the copyright notice "© 2013 Boris Feldblyum …."

16. Anyone, including Defendants, with access to the Internet, has access to Plaintiff's

Work, and can easily find Plaintiff's Work and associated copyright management information on the Internet.

17. As part of its business, Defendant Eight Brothers Development, LLC, advertises photographs of its restoration work and projects on its website, www.eightbrothers.com. The website showcases photographs of completed projects in order to build the company's portfolio, retain current clients, and attract new business.

18. Defendants had access to the Internet and have had access to Plaintiff's Work and in the course of transacting the business of Eight Brother's Development, LLC, they have, or their agents have, copied, and or they have caused and or allowed to appear a copy of, Plaintiff's Work, and or they have materially participated in the posting of Plaintiff's Work, on the Eight Brothers Development, LLC, website.

19. The copy of Plaintiff's work that appears on Defendant's website is strikingly similar to, and substantially similar to, Plaintiff's Work, and said photograph was copied from the Plaintiff's Work. The copy is attached as Exhibit B and is hereinafter referred to as "Defendants' Work."

20. Upon information and belief, as Governor of Defendant Eight Brothers, LLC, Defendant Amurrio, while in the District of Columbia, had the right to control and exercised control over, and materially participated in, the posting of Plaintiff's Work on the company's website.

21. Because copyright has been automatic and without pre-requisite registration or notice for more than thirty years, because copyright management information was published with the Plaintiff's Work, because Plaintiff's Work was registered with the Copyright Office of the United States, and because Plaintiff's Work can easily be found on the Internet at Plaintiff's

website with copyright management information, Defendants had actual and constructive notice of a copyright subsisting in Plaintiff's Work.  Defendants knew or reasonably should have known that the Plaintiff's Work was the subject of a copyright, as they transacted the business of Eight Brothers Development, LLC, and as they posted or caused or allowed the posting of Plaintiff's Work on its website.

22.  While transacting the business of Eight Brothers, LLC, and while controlling and determining the content of its website, Defendants also knew or should have known that Plaintiff's permission was required to use Plaintiff's Work in any format by reason of there being a copyright reasonably subsisting in the Plaintiff's work, and or by reason of the Plaintiff's specific copyright.

23. Defendants have never requested and were never given permission by Plaintiff to use Plaintiff's Work for any purpose while transacting the business of Eight Brothers Development, LLC, or while posting or allowing the posting of content on the Eight Brothers Development, LLC, website.

24.  The Defendants' advertisement, display, and or publication of Defendants' Work on Defendants' website without Plaintiff's permission has infringed upon Plaintiff's copyrights in Plaintiff's Work, and the rights Plaintiff holds under Section 106 of U.S. Code Title 17.

25. The Plaintiff's copyright management information does not appear on the copy of Plaintiff's Work that appears on the Defendants' website.

26. Upon information and belief, Defendants and or Defendants' authorized agents, made a copy or copies of Plaintiff's Work and a) intentionally removed Plaintiff's copyright management information from Plaintiff's Work and or b) knew the copyright management information had been removed from Plaintiff's Work, without Plaintiff's authority when posting

or allowing to be posted a copy of Plaintiff's Work on Defendants' website.

27. When Defendants or their agents copied Plaintiff's Work and or used Plaintiff's Work on Defendant Eight Brothers Development, LLC's, website's "contact us" page, www.eightbrothers.com/contact/, with the copyright management information removed from Plaintiff's Work, Defendants and or their agents did so knowing or having reasonable grounds to know that the removal of the copyright management information or that the removed copyright management information would induce, enable, facilitate, or conceal infringement of Plaintiff's rights.

28. Upon learning of Defendants' Work and the unauthorized use of Plaintiff's Work, Plaintiff contacted Defendants. Plaintiff sought reasonable remuneration for the unauthorized use of Plaintiff's Work. Plaintiff requested a full accounting of Defendants' use of Plaintiff's Work to facilitate Plaintiff's provision of a license fee and to provide pricing for the unauthorized use under a pricing structure that was at or about Plaintiff's customary rates. Plaintiff is not able to make a living if Plaintiff does not require payment for Plaintiff's works and therefore is not able to permit others to use his work for free.

29. In response to Plaintiff's contact, and caught it their own wrongdoing, Defendants removed Plaintiff's Work from www.eightbrothers.com/contact/, but failed to respond to Plaintiff's request.

30. Plaintiff thereafter made repeated efforts to obtain a full accounting, and to resolve the unauthorized use in an amicable manner. However, Defendants completely ignored Plaintiff's continued requests, and Plaintiff was compelled to retain counsel.

31. Plaintiff's legal counsel thereafter made repeated attempts to contact Defendants through various means. However, counsel's efforts were completely ignored and unanswered.

Rather than to simply make a reasonable payment, Defendants have instead sought to exploit the inconvenience and costs of legal proceedings, and the costs Plaintiff incurs for legal services.

32. Defendants' use of Plaintiff's Work and the infringement thereof occurred intentionally, wantonly, and or recklessly in disregard of rights Defendants knew or reasonably should have known were claimed in Plaintiff's Work.

33. Defendants' infringement of Plaintiff's copyright has directly and proximately caused Plaintiff monetary damages, in an amount thus far not determined, and subject to proof at trial.

34. Plaintiff has lost revenues from the prospective licensing of Plaintiff's Work in the District of Columbia to Defendant Eight Brothers Development, LLC, and as a result of Defendants' infringement, in an amount thus far not determined, and subject to proof at trial.

35. Defendants have realized profits from the use of the Defendant's Work in an amount unknown and subject to proof at trial.

### IV. Causes of Action: Copyright Infringement

36. Paragraphs 1 through 35 above are incorporated herein.

37. Defendants' advertisement and display of Defendants' Work bearing Plaintiff's Work, without Plaintiff's authorization constitutes copyright infringement, and violates Plaintiff's rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of the Plaintiff's Work, and Plaintiff's right to distribute and publicly display copies and derivations of Plaintiff's Work.

38. Defendants have violated 17 USC Section 1202(b).

WHEREFORE, PLAINTIFF DEMANDS:

1. That, pursuant to Title 17 U.S.C., Defendants, their agents, servants and or

employees, and all parties in privity with them be enjoined permanently from infringing on Plaintiff's registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of Plaintiff's Work or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2. That, pursuant to Title 17 U.S.C., Defendants be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a representation of any image that directly or indirectly use matter created by Plaintiff or which copy Plaintiff's Work.

3. That Defendants be required to pay to Plaintiff such actual damages, pursuant to Title 17, as Plaintiff may have sustained in consequence of their infringements and all profits derived from and attributable to their infringements of Plaintiff's copyrights, including without limitation license fees, and the value of injury to Plaintiff's copyrights.  Plaintiff requests Defendants account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from Defendants' infringement of Plaintiff's work since the date of the first act of infringement.

4. That Defendants be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) of Title 17 U.S.C. Section 106, found to have occurred after registration of Plaintiff's work that did not commence prior to the registration of Plaintiff's Work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

5. That, pursuant to 17 U.S.C. Section 504, Defendants be required to pay an award of

increased statutory damages in sum of not less than $30,000 per infringement or more than $150,000 per infringement for any willful infringement(s) found to have occurred after registration of Plaintiff's Work that did not commence prior to the registration of Plaintiff's Work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

6. That, pursuant to 17 U.S.C. Section 505, Defendants be required to pay reasonable attorneys' fees to Plaintiff's attorneys for and in connection with Defendants' violation of Title 17 U.S.C. 101 et seq., as amended.

7. That, pursuant to 17 U.S.C. Sections 1202 and 1203, Plaintiff be awarded statutory damages in an amount to be determined by the Court or at trial, and that Plaintiff be awarded attorney's fees with respect to Defendants' violation(s) of 17 U.S.C. Chapter 12.

8. That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendants be required to pay Plaintiff's full costs in this action.

9. That the Court grant pre- and post-judgment interest, and delay damages.

10. That the relief requested against Defendants be granted joint and severally.

11. That Plaintiff have such other and further relief as the Court may deem just and appropriate in the circumstances.

Respectfully Submitted,

/s/James Lorin Silverberg
James Lorin Silverberg #349605
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 443-450-3247
Email:  jls@ipg.law

VERIFICATION

I, Boris Feldblyum, hereby certify under penalty of perjury and the laws of the United States that the factual allegations in the foregoing Complaint are true to the best of my information, knowledge, and belief.

*Boris Feldblyum*
Boris Feldblyum (Jun 6, 2019)
_____
Boris Feldblyum

Date:  June 6, 2019          Executed in The United States of America

PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues of statutory and other damages.

                        Respectfully Submitted,

                        /s/James Lorin Silverberg

                        James Lorin Silverberg #349605
                        The Intellectual Property Group PLLC
                        1050 30th Street NW
                        Washington, DC  20007
                        Telephone: 202-466-2787
                        Facsimile: 410-450-3247
                        Email:  jls@ipg.law