# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BORIS FELDBLYUM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 19-1659 (RJL) |
| EIGHT BROTHERS DEVELOPMENT, LLC, | ) |
| AND | ) |
| ANDREW AMURRIO, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
March 4, 2020 [#12]

Plaintiff Boris Feldblyum ("plaintiff") brought this action against defendants Eight Brothers Development, LLC and Andrew Amurrio ("defendants" or "Eight Brothers") pursuant to 17 U.S.C. § 101 et seq., seeking money damages for and injunctive relief from alleged copyright infringement. *See* Compl. [Dkt. #1]. After receiving the Complaint but before answering, defendants filed an offer of judgment in the amount of $2,000 plus reasonable attorneys fees and costs, pursuant to Federal Rule of Civil Procedure 68. *See* [Dkt. #11]. Plaintiff accepted. *See id.* Before me now is plaintiff's Motion for Attorneys Fees. *See* [Dkt. #12] ("Fee Mot."). Plaintiff seeks $24,495 in fees and $746.25 in costs. *See* [Dkt. #13] ("Fee Reply") 25. Defendants acknowledge that plaintiff is entitled to some compensation but suggest that $1,000 in fees $512.50 in costs

1

would be more appropriate. *See* [Dkt. #13] ("Fee Opp'n") 5, 11. For the reasons set forth below, I GRANT plaintiff's Motion for Attorneys Fees but in the reduced amount of $6,175.35 in fees and $746.25 in costs.

## LEGAL STANDARD

The Copyright Act provides, in pertinent part, that "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In addition, Rule 68 provides that "a party defending against a claim may serve an opposing party an offer to allow judgment *on specified terms, with the costs then accured.*" Fed. R. Civ. P. 68 (emphasis added). Once accepted, a Rule 68 offer of judgment becomes a settlement agreement, and the usual rules of contract construction apply to interpreting its terms. *See Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017).

## DISCUSSION

Plaintiff requests $24,495 in fees and $746.25 in costs. *See* Fee Reply 25. Defendants oppose the size of this request as "vastly inflated for the work performed" and far in excess of "the extraordinarily limited success obtained." Fee Opp'n 1. The Court finds that costs, including attorneys fees, are appropriate in this case, but that the amount requested by plaintiff is indeed excessive.

The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27 (1994). Awarding attorneys fees addresses these goals because it enables people to vindicate or

2

defend their rights where it would otherwise be uneconomical to do so. *Id.* at 529. When awarding attorneys fees under the Copyright Act, the Court must initially decide whether awarding attorneys fees is appropriate. Here, I am relieved of taking that step both because defendants' Rule 68 offer of judgment provided for attorneys fees, *see* [Dkt. #11] and because Defendants acknowledge plaintiff's entitlement to these fees, *see* Fee Opp'n 5.

Having decided to award fees, I must next determine what constitutes a reasonable fee.[1] Attorneys fees are calculated based on the lodestar: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). Additionally, the Court may consider the facts set forth in *Johnson v. Georgia Highway Express, Inc.*, such as the novelty and difficulty of the question; the customary fee; the experience, reputation, and ability of the attorneys; the amount involved and results obtained; and awards in similar cases. *See* 488 F.2d 714 (5th Cir. 1974).[2]

---

[1] Technically, I must construe reasonable attorneys fees under the terms of the Rule 68 offer of judgment, which is a settlement agreement that binds the parties and must be interpreted as a contract, rather than under the statutory fee-shifting provision. *See Miller* 868 F.3d at 850. In any event, the same amount of fees would be reasonable under the statute as under the Rule 68 offer.

[2] The full list of factors cited in *Johnson* is: time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Johnson*, 488 F.2d at 717–20.

## A. Hours Billed

The hours claimed by plaintiff's attorneys, not surprisingly, are the first consideration in determining a reasonable fee. Excessive, redundant, or unnecessary hours should, of course, be excluded from fee awards. *See Hensley*, 461 U.S. at 434. Indeed, the party requesting attorneys fees should submit evidence that supports the hours worked and rates claimed, *id.* at 433, and should make a showing that the time spent was reasonably necessary and that the rate applied is a customary fee in that geographic area, *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984); *Frank Music Corp.*, 886 F.2d at 1557 (explaining that an attorney's testimony and documentation supports his claim for fees); *see Johnson v. University College*, 706 F.2d 1205, 1207 (11th Cir. 1983) (same). Crucially, "[a] fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (quoting *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983)). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Here, the detail in the documentation supporting the fee petition leaves something to be desired, and the documentation that there is suggests a lack of billing discretion. First, plaintiff claims 3.2 partner hours and 5.2 associate hours spent investigating and preparing the case from 10/08/2018 through 04/22/2019 before drafting the complaint

even began.³ *See* Fee Mot. Ex. B 1–3. Plaintiff's fee affidavit details the process that plaintiff goes through in each case (and this case in particular) before filing suit. *See* Fee Mot. Ex. A ¶¶ 31–33. Although plaintiff is entitled (and required) to investigate a case before filing it, over eight hours of work investigating a simple infringement case involving a single photograph that appeared on a single webpage is excessive.⁴ I will award plaintiffs all their claimed time attempting to contact defendants and half the remaining time they claim: 1.8 partner hours and 3.1 associate hours.

Next, plaintiff claims a total of 12.3 partner hours and 43.3 associate hours spent researching, drafting, and serving the Complaint between 04/25/2019 and 06/14/2019. *See* Fee Mot. Ex. B 3–6. To say the least, this request defies common sense. As defendants point out, plaintiff filed four nearly identical complaints between 2015 and 2017 in the District of Maryland. *See* Fee Opp'n 8–9. An examination of these complaints reveals that much of the complaint in this case was copied nearly verbatim from those earlier filings. Of course, there is nothing wrong with reusing prior work, but plaintiff cannot gain the efficiencies of his attorney's prior effort and simultaneously charge defendants the amount of time (indeed, more time than!) it would take to draft a complaint from scratch.

---

³ I do not include here any time billed by Legal Assistant Christina Powell. I do not discount the enormous contribution that legal assistants can make to a law firm, but in my experience in the District of Columbia legal market, their time is not customarily billed to private clients and therefore may not be billed to an opposing party. *See Missouri v. Jenkins*, 491 U.S. 274, 287 n.9 (1989).

⁴ This is especially true in light of the fact, discussed below, that plaintiff has filed no fewer than four other nearly identical complaints involving similar photographs displayed on similar websites and claiming the same copyright registration.

Plaintiff contends that this case presented tricky research issues related to personal jurisdiction and the status of an LLC not present in the Maryland case. These issues do not strike me as particularly knotty or novel, but I credit this explanation somewhat. Plaintiff's block billing entries referring to these issues comprise 6.2 of the 12.3 partner and 12.2 of the 43.3 associate hours billed. Because they are contained in block entries referring to a host of other activity, I reduce them by half, and credit 3.1 partner and 6.1 associate hours of this time respectively. Plaintiff also argues that this case presented tricky service of process issues, and I credit him half the partner time and all the associate time his attorneys claimed for those issues: 0.6 partner hours and 0.3 associate hours. With these arguments disposed of, plaintiff still claims 4.9 partner hours and 30.8 associate hours. Some of this time appears to have been spent researching a claim under 17 U.S.C. Ch. 12 that ultimately was not included in the complaint, and I eliminate this time accordingly. Other time apparently was spent going over the complaint with a fine-toothed comb to ensure the mostly boilerplate language applied.[5] Some of this remaining time is compensable, but the plaintiff's block billing makes it difficult to determine how much. As a result, I will reduce these remaining amounts by eighty percent, for a result of 0.9 partner hours and 6.2 associate hours.

Next, plaintiff claims a total of 7.1 partner hours spent on settlement negotiations over the course of two weeks in late June and early July 2019, which ultimately resolved the case. *See* Fee Mot. Ex. B 6–7. Reviewing this time, some of the block-billed entries

---

[5] The Court wonders how searching this review could have been in light of the fact that the complaint cites to a nonexistent D.C. Code jurisdictional provision. *See* Compl. ¶¶ 5–6 (citing D.C. Code 14-423).

reflect clerical tasks not properly chargeable, so I will reduce the amount to 4 partner hours.

Finally, plaintiff claims a total of 9.1 partner hours and 0.4[6] associate hours spent researching and drafting the attorneys fee motion (and 8 partner hours drafting the reply) presently before the Court. *See* Fee Mot. Ex. B 13; Fee Reply 25. Once again, as defendants point out, the fee petition mirrors one filed by plaintiff's attorney in a previous case, especially as to the declaration. *See* Fee Opp'n 9. But, as plaintiff replies, there was certainly work related to the billing in this specific case to account for. Still, I found plaintiff's fee motion long on string cites and short on helpful analysis. And I question the reliance on partner time when an associate could more reasonably have handled the matter. As a result, I discount plaintiff's time billed for the initial fee motion by one-half and shift half the remaining time to the associate bucket. Plaintiff's twenty-five page reply to defendants' ten-page opposition was, on the whole, unhelpful to the Court in drafting this opinion, and I discount it by eighty percent. Thus, I reduce the total compensable hours for fee litigation to 3.8 partner hours and 2.5 associate hours.

In sum, the hours I conclude plaintiff's lawyers reasonably expended are:

|  | Partner | Associate |
|---|---|---|
| Pre-Complaint | 1.8 | 3.1 |
| Complaint | 4.6 | 12.6 |
| Settlement | 4 | 0 |

---

[6] I have subtracted 0.7 hours spent drafting a never-filed motion for an extension.

| Fee Litigation | 3.8 | 2.5 |
| Total: | 14.2 | 18.2 |

## B. Hourly Rate

Next, I turn to the hourly rates plaintiff seeks for his attorneys. Plaintiff seeks $525 per hour for partner work[7] and $375 per hour for associate work. In his reply, plaintiff argues that the Court cannot decrease his fee award based on factors not raised at all by the adverse party, see Fee Reply 1–2 (quoting *Rode*, 892 F.2d at 1183), and notes that defendants did not challenge the proposed rates in their opposition, see *id.* 2. Be that as it may, the plaintiff bore the initial burden of submitting evidence that supported the rates claimed. Here, that evidence consists of a declaration from plaintiff's lead attorney attesting that his standard hourly rate is $525 per hour ($575 starting in 2019) and that his associate's standard hourly rate is $375 per hour; see Fee Mot. Ex. A ¶ 9, information about the attorneys' experience and expertise, see *id.* ¶¶ 11–28, 36, and the USAO Attorney's Fees Matrix, see Fee Mot. Ex. C.[8] Based on this evidence, and *because* defendants have set forth no evidence to the contrary, I approve plaintiff's proposed partner rate.[9] However, plaintiff's proposed associate rate—$375—exceeds the 2018–

---

[7] Plaintiff claims $575 per hour for work on the fee motion reply, based on Plaintiff's 2019 billing rate. *See* Fee Mot. 5; Fee Reply 25.

[8] Plaintiff's counsel cites various cases in which he and his associate have been awarded a specified hourly rate, but these cases were in a default judgment posture, and there is no evidence that the courts in those cases actually reviewed these unopposed rates.

[9] Thus, this case too operates in something of a default posture.

2019 USAO matrix rate of $340 for an associate with 2–3 years' experience. In the absence of any proof that a paying client has ever paid plaintiff's proposed associate billing rate, I reduce that rate accordingly to match the USAO matrix.

### C. Modified Lodestar

Multiplying the hours I calculated above by the rates I set out above results in a lodestar of $13,723.[10] Defendant argues that this amount should be reduced in light of the limited success obtained. I agree. *See* Fee Opp'n 6–7. "The Supreme Court has instructed that . . . a fee award may be 'excessive' if it does not reflect the overall 'degree of success obtained' in the litigation." *Westfahl v. District of Columbia*, 183 F. Supp. 3d 91, 101 (D.D.C. 2016) (quoting *Hensley*, 461 U.S. at 436). And *Johnson* counsels that the results obtained are something for the Court to consider in setting a fee. *See* 488 F.2d at 717–20. It is true, as plaintiff points out, that the Rule 68 offer of judgment was made in satisfaction of all claims, so plaintiff technically was successful on all his claims. But a recovery of $2,000 plus reasonable attorneys fees is hardly noteworthy in light of alleged statutory damages of between $30,000 and $150,000 and a request for injunctive relief as well as reasonable fees and costs. *See* Compl. 9–10 ¶¶ 1–7. Of course, a straight proportional reduction of between ninety-three and ninety-eight percent of plaintiff's attorneys fees based on comparing these numbers would be inappropriate. After all, as plaintiff correctly notes, a reasonable fee must be sufficient to attract competent attorney representation. But on the other hand, it should not be so generous as to incentivize

---

[10] As proposed by plaintiff, I apply the proposed $575 rate only to the 1.6 hours of partner work I credit for the attorneys fee reply.

9

bloated demands in run-of-the-mill copyright infringement cases.[11] As such, a further reduction in the fee award strikes me as appropriate, thereby resulting in a modified lodestar of $6,175.35.

**D. Costs**

Plaintiff is also entitled to costs. Plaintiff proposes (and documents) $746.25 in costs. *See* Fee Mot. 1. Defendants propose that they should pay $512.50 in costs. *See* Fee Opp'n 11. Defendants' proposal apparently represents the Court's filing fee plus part of the cost to serve process, but they make no explanation why the other fees documented by plaintiff's attorneys should not be paid. As a result, I award $746.25 in costs.

## CONCLUSION

For the foregoing reasons, I GRANT plaintiff's Motion for Attorney's Fees in the amount of $6,175.35, plus costs of $746.25 and interest from this date.

RICHARD J. LEON
United States District Judge

---

[11] Even with the alleged jurisdictional issues, the Court can hardly imagine a simpler case of copyright infringement than a single copyrighted photograph that is displayed publicly and without permission or attribution on a single page of a single website.